League v. Governor                        CV-95-232-M    01/11/96
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


League of Women Voters
    of New Hampshire;
New Hampshire AFL-CIO;
New Hampshire Citizens Action,
    Plaintiffs,

    v.                                          Civil No. 95-232-M

Governor of the State of New Hampshire;
Secretary of the State of New Hampshire;
Commissioner of the New Hampshire
    Department of Safety;
Director of the Division of Motor Vehicles
    of the New Hampshire Department of Safety;
Commissioner of the New Hampshire
    Department of Health and Human Services;
Commissioner of the New Hampshire
    Department of Labor,
    Defendants.


                            O R D E R


    Plaintiffs, League of Women Voters of New Hampshire, et al.,

have sued defendants, the Governor of the State of New Hampshire,

et al., for failing to implement provisions of the National Voter

Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg et seq.

In response, defendants claim, among other things, that the NVRA

violates the United States Constitution in two respects.  First,

defendants contend that the NVRA violates the Tenth Amendment,

which states, "The powers not delegated to the United States by

the Constitution nor prohibited by it to the States, are reserved to the States respectively, or to the people."  U.S. Const. amend. X.  Second, defendants contend that the NVRA violates the Guarantee Clause of the United States Constitution, which states, "The United States shall guarantee to every State in this Union a Republican Form of Government."  U.S. Const. art. IV, § 4, cl. 1.

Because this case involves the constitutionality of an act of Congress that affects the public interest, 28 U.S.C. § 2403(a) requires this court to certify such fact to the Attorney General and permit the United States to intervene for the presentation of evidence, if appropriate, and for argument on the question of constitutionality.[1]

---

[1] 28 U.S.C. § 2403(a) provides:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

2

Accordingly, this court certifies to the Attorney General of the United States the fact that this case poses a constitutional challenge to 42 U.S.C. § 1973gg et seq.  The court also orders:

(1)  That, at the request of the Attorney General, copies of all pleadings filed in this case be transmitted to the Attorney General; and

(2)  That the Attorney General advise this court prior to January 17, 1996, whether or not she desires to intervene in these proceedings.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

January 11, 1996

cc:  Thomas H. Trunzo, Jr., Esq.
     Juan Cartagena, Esq.
     Christopher P. Reid, Esq.
     United States Attorney General
     United States Attorney

3